Ruffin, Chief Justice,
 

 having stated the case as above, proceeded as follows: As we find in the answer, will and
 
 *13
 
 inventory, sufficient and full grounds for holding that the bond in dispute was not only intended to be given, but given in the will, it is unnecessary to say any thing on the objection to Garrett’s testimony. We lay that evidence out of the case, therefore, and proceed upon the others.
 

 This is not the case of a description so imperfect and vague as to be senseless and incapable of execution. Although the name of
 
 “
 
 Simpson” be omitted as the obligor, yet the bond is sufficiently identified, without that, by other parts of the description. Nor will the bequest be defeated by the difference in the dates of the bond, as mentioned in the will, and as actually existing, provided that notwithstanding that contradiction, the bond is embraced by other parts of the description, and is from them so completely identified, that it is impossible to be mistaken as to the bond that was meant. Thus, we think, it is here. The case is but an example, under the common rule, that when a deed or will once sufficiently identifies the thing by its known name, or by other means, and then superadds unnecessarily to the description, such further description, though inaccurate, will not vitiate the previous and perfect description.
 
 Proctor
 
 v.
 
 Pool,
 
 4 Dev.
 
 370.
 
 It is our duty to excute- the intention of the will, if it can be discovered; and although no part of the description is to be rejected in the first instance, but the whole reconciled, yet if that cannot be done, certainly an unnecessary and inaccurate part of the description must be disregarded, rather than the whole disposition should fail; provided the thing claimed be found to agree with those parts of the description that are retained, so that there can be no mistake in saying, from them, that this is the thing.— The testatrix gives to her grand children a bond. The only question is, what bond? Whatever difficulties there might be in determining that question, if there were several bonds left for this sum, and given by persons named John, in' this case, there is no such difficulty. The words of the will, read with the knowledge of the admitted fact, that the testatrix had but a single bond, point infallibly to that one. She says “ I
 
 have one bond;”
 
 and she had one, and
 
 but one.
 
 If
 
 *14
 
 the will had stopped there, this bond would have gone to the legatees as properly as the words “ all my bonds” would have carried this and any others she might have had. But the further and correctly decribes it as a bond for $300; and thus further and sufficiently identifies it. That identity is not lost, because the testatrix truly adds that it is “ on John,” without saying “Simpson;” since that part of the description does not point to another instrument, but is merely defective in itself. Nor will the identity fail, although she further and untruly adds, that the bond was “given on the 3rd of January,” whereas it was given on the 13th of that month; for the previous description is not rendered uncertain by this further description, which turns out unquestionably to be a mere mistake, since it is equally inapplicable to this or any bond held by the testatrix. In line, as the testatrix had but one bond in the world,
 
 that
 
 must pass under the bequest of a bond for the amount mentioned. It must be accordingly declared, that the bond belongs to the plaintiff’s wards.
 

 The court has thought it best to make this declaration, inasmuch as the construction of the will involves the merits of the controversy, and no objection was made in the argument to the form of the bill; so that we supposed it probable the parties would adjust the business, after obtaining the opinion of the court on that point. We cannot, however, proceed farther in the case in the present state of the pleadings. The bill is brought by the guardian in his own name, for a legacy to his wards. The suit ought to be in the name of the wards. It. is true, that here the legacy consists of a debt owing by the guardian, and that one object of the bill is to obtain an injunction against a judgment for the debt. That might have authorised the present plaintiff to become one of the parties, but it does not dispense with the necessity of making the legatees themselves plaintiffs. The equity does not belong to the debtor who happens to be guardian, but to the wards; and the injunction is only a mode of relief arising out of that equity. The case must therefore stand over for further directions; in order, should the parties not settle it between themselves, that the plaintiff may take the proper steps to make the other parties.
 

 Per Curiam. Direct accordingly.